United States District Court
Southern District of Texas
FILED

DEC 0 8 2003

Michael N. Milby
Clerk of Court

B-03-221.

AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Southern District of Texas | |
|---|---|---|
| Name of Movant MARK ANTHONY MARTINEZ | Prisoner No. 94369-079 | Case No. 1:00CR00403-002 |
| Place of Confinement U. S. Penitentiary-Pollock, P. O. Box 2099, Pollock, Louisiana 71467 | | |

UNITED STATES OF AMERICA          V.          **MARK ANTHONY MARTINEZ**

(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack  U. S. District Court

Southern District of Texas, Brownsville Division, Brownsville, Texas

2. Date of judgment of conviction  February 12, 2001

3. Length of sentence  240-month term of imprisonment

4. Nature of offense involved (all counts)  One count of conspiracy to possess with intent

to distribute over 100 kilograms of marijuana and in excess of 500 grams

of cocaine in violation of 21 U.S.C. §§841(a)(1) & (b)(1)(B); one count

of aiding and abetting possession with intent to distribute cocaine; and

one count of aiding and abetting possession of marijuana with intent
to distribute

5. What was your plea? (Check one)
   (a) Not guilty         ☒
   (b) Guilty             ☐
   (c) Nolo contendere    ☐

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

Not applicable

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury           ☒
   (b) Judge only     ☐

7. Did you testify at the trial?
   Yes ☐ No ☒ Testified at Fourth Amendment Motion to Suppress hearing

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 243 (Rev. 5/85)

9.  If you did appeal, answer the following:

    (a) Name of court  Supreme Court of the United States

    (b) Result  Petition for writ of certiorari denied

    (c) Date of result  November 4, 2002

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:  Not applicable

    (a) (1) Name of court _____

       (2) Nature of proceeding _____

        _____

       (3) Grounds raised_____

        _____

        _____

        _____

        _____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

       (5) Result_____

       (6) Date of result _____

    (b)  As to any second petition, application or motion give the same information:

       (1) Name of court _____

       (2) Nature of proceeding _____

        _____

       (3) Grounds raised_____

        _____

        _____

        _____

        _____

AO 243 (Rev. 5/85)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
       Yes ☐ No ☐

    (5) Result_____

    (6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.      Yes ☐ No ☐
    (2) Second petition, etc.    Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

   CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

   For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
   Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.
  (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
  (b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: The sentence was imposed in violation of the Constitution or laws of the United States and is otherwise subject to collateral attack based upon defense counsel's ineffective assistance and the deprivation of his substantive and procedural due process in advising the movant to claim an automobile containing 401 pounds of marijuana and 4.1 kilograms of cocaine    Supporting FACTS (state *briefly* without citing cases or law) _____

The only probative evidence supporting the alleged complicity of

Martinez in the drug trafficking crimes charged in the three-count indict-

ment was a Chevrolet Impala automobile which was located and situated on

a parcel of property, which property was owned and possessed by a co-

defendant, Albert Thomas Reyes.  Martinez had no possessory or ownership

**PLEASE REFER TO SUPPLEMENT ATTACHED HERETO AND FILED HEREWITH**

B. Ground two: Martinez was deprived of his right to the effective assistance of counsel when counsel stipulated to the admissibility of laboratory analyses of substances, gave up his right to object to the chain of custody of the evidence, and admitted the origin of the evidence as as being the real property of a co-defendant

Supporting FACTS (state *briefly* without citing cases or law): _____

Agent Kristen Rosenbeck, a criminal investigator with the U. S.

Customs Service, testified that her experience made her knowledgeable of

"the ways in which narcotics traffickers package, transport and even

hide marijuana or narcotics."  The controlled substances were allegedly

seized on September 7, 2000.  Martinez was originally charged with

marijuana-related charges only which were later amended to include cocaine.  **PLEASE REFER TO SUPPLEMENT ATTACHED HERETO**

C. Ground three: Martinez was deprived of his right to the effective assistance of counsel by counsel's failure to present the facts in toto during the hearing on the motion to suppress under the Fourth Amendment.

Supporting FACTS (state *briefly* without citing cases or law): Counsel staked his entire

defense on the motion to suppress seeking exclusion of the evidence

pursuant to the Fourth Amendment.  Regretably, counsel did not present

available facts necessary to sustain the defendant's burden in the

evidentiary hearing.

**PLEASE REFER TO SUPPLEMENT ATTACHED HERETO**

SUPPLEMENT TO MOTION TO VACATE, SET ASIDE,
 OR CORRECT SENTENCE PURSUANT TO
28 U.S.C. §2255
MARTINEZ, Mark Anthony
Federal Registration No. 94369-079

A.  **Ground one (continued):**

**Supporting FACTS (continued):**  interest in the automobile, did
not have any ignition keys for the vehicle on the date of the events
and occurrences herein, and did not occupy the property on the date
of seizure of the illicit drugs.

Martinez had previously been employed to perform landscaping
tasks on Reyes' property.  At the time of Martinez' arrest, he was
driving a Chevolet pickup truck owned by Reyes from which no evidence
was seized.  There was absolutely no evidence introduced at trial to
prove that Martinez enjoyed  actual or constructive knowledge as to
the contents of the Chevrolet and the contents of the shed on the
property in which a large quantity of marijuana was found.  The
prosecution had no admissible evidence to prove, beyond a reasonable
doubt, that Martinez exercised a modicum of dominion and control
over the vehicle and shed.  Significantly, the prosecution did not
introduce any fingerprint evidence or any other scientific proof
proving that Martinez had either actual or constructive possession of
the controlled substances.

Martinez did not own the vehicle or the drugs in the shed.  He
emphatically advised his counsel that he was not guilty of any of
the offenses charged.  When his counsel was formulating strategy to
argue with respect to Martinez' standing to object under the Fourth
Amendment to the admissibility of seized evidence, Martinez again
advised his defense counsel that he could not truthfully testify with
respect to his ownership and possessory rights to the Chevrolet, the
shed, or the contents thereof.

SUPPLEMENT TO MOTION TO VACATE, SET ASIDE,
 OR CORRECT SENTENCE PURSUANT TO
 28 U.S.C. §2255
MARTINEZ, Mark Anthony
Federal Registration No. 94369-079

A.  Ground one (continued):

Supporting FACTS (continued):  Notwithstanding Martinez'
communications with his counsel, counsel insisted that Martinez
had absolutely no hope of prevailing in his criminal matter unless
he claimed that he was on the property on the date of the search,
that there were no persons on the property upon the departure of
Martinez and his co-defendants, and that there was no other person
on the property who had a right to use and possess the Chevrolet
automobile.  Thus, counsel placed all of his hope of gaining an
acquittal upon the motion to suppress and caused Martinez to testify
to the aforesaid matters.

Counsel's strategy on a single motion relegated Martinez to
a position which precluded him from taking the stand at trial to
testify on his own behalf.  As a consequence of the position on
standing, although Martinez is both factually and legally innocent
of the three charges for which he was found guilty, he was placed
in a straitjacket from the outset of the trial from which there was
no extrication.

Counsel's errors and blatant misrepresentations to the court
were sufficiently deficient to deprive Martinez of his right to the
effective assistance of counsel guaranteed by the Sixth Amendment.
Counsel's deficiencies, including his advice foreclosing the possi-
bility of Martinez taking the stand in his own behalf, confined the
scope of defense objections to a motion for judgment of acquittal
when a renewal of the motion for judgment of acquittal, a motion
challenging the overall weight of the evidence in a motion for a

SUPPLEMENT TO MOTION TO VACATE, SET ASIDE,
 OR CORRECT SENTENCE PURSUANT TO
 28 U.S.C. §2255
MARTINEZ, Mark Anthony
Federal Registration No. 94369-079

A.   Ground one (continued):

Supporting FACTS (continued):   new trial, and general objections
throughout the course of the trial would have been warranted and
colorable.   In addition, the ruling upon the first motion for
judgment of acquittal would have been favorable.

Martinez was prejudiced by counsel's errors and misrepresentations
with respect to the issue of standing in a Fourth Amendment context
by the return of a jury verdict adjudicating his guilt.   At a
minimum, in the absence of such deficiencies the jury would not have
found that Martinez constructively possessed the entirety of the
bundles of marijuana and cocaine.   Thus, the term of imprisonment
of 240 months would not have been imposed in the absence of counsel's
deficiencies.   In addition to the evidence of prejudice in a Sixth
Amendment context, the evidence and arguments set forth herein mandate
a finding that the trial was laden with fundamental defects which
amounts to a total miscarriage of justice.

B.   Ground two (continued):

Supporting FACTS (continued):

The cocaine alleged in Counts One and Two mysteriously surfaced
on September 12, 2000, under circumstances which give rise to a
reasonable hypothesis or inference that it was planted by police
officers or other executive personnel to heighten the punishment
which would eventually be sought.   Defense counsel's representation
with respect to the chain  of custody of the cocaine and other
evidence surrounding the substances was grossly deficient and resulted
in a guilty verdict with respect to all counts.

- 4d -

SUPPLEMENT TO MOTION TO VACATE, SET ASIDE,
 OR CORRECT SENTENCE PURSUANT TO
 28 U.S.C. §2255
MARTINEZ, Mark Anthony
Federal Registration No. 94369-079

B.  Ground two (continued):

Supporting FACTS (continued):

Ms. Rosenbeck testified that the cocaine was not found until five days after the alleged seizure.  She stated that she went to the evidence vault to sample the marijuana "for its contents" and that "during the sampling process" she discovered "one of the bundles of marijuana contained cocaine."  She testified that this "discovery" prompted her to examine other bundles, which resulted in the discovery of more cocaine.  The total weight of the cocaine allegedly found amounted to 4.1 kilograms.

Defense counsel made evidentiary concessions which relieved the prosecution of its duty to lay a proper foundation for the admissibility of both the marijuana and cocaine and prove the chain of custody therefor.  Counsel thus waived objections which would have negated the admissibility of the evidence, and in doing so, totally abrogated the interests of his client, resulting in a fundamental defect amounting to a complete miscarriage of justice.

The prosecution had no fingerprint evidence or other scientific evidence tending to demonstrate that the cocaine was concealed in the bundles of marijuana and was not planted or tampered with for the five days which the marijuana was in police custody.  If the police officers in the investigation had been as meticulous as Ms. Rosenbeck represented, the cocaine would have been discovered on the first day when police removed bundles from the green bag in which the cocaine was found for the purpose of finding papers inside belonging to Martinez.

**– 4e –**

SUPPLEMENT TO MOTION TO VACATE, SET ASIDE,
 OR CORRECT SENTENCE PURSUANT TO
 28 U.S.C. §2255
MARTINEZ, Mark Anthony
Federal Registration No. 94369-079

B. Ground two (continued):

Supporting FACTS (continued):

Counsel stipulated that the jury would be "allowed to accept as true" that if Scott Wiznisky, a forensic chemist with the DEA, were to testify, he would testify that, inter alia, the bundles of marijuana and cocaine in the government's possession were, in fact, marijuana and cocaine. The stipulation further obviated the need for testimony from the prosecution establishing that the cocaine at issue was actually found at the crime scene by deeming it true that the cocaine was seized on September 7, 2000, "from the property located 1 mile north of Farm Road 510 on Farm Road 803." Counsel received absolutely no quid pro quo for entering into the stipulation, and the stipulation substantially abbreviated the government's case-in-chief.

Counsel's representation with respect to the stipulation is blatantly ineffective. The prosecution would have had a very difficult time proving the chain of custody from September 7 through September 12, 2000, in view of the numerosity of persons with access to the evidence vault. In the absence of the stipulation, the jury would have had no evidence to establish that the evidence was not tampered with, and the outcome of the proceeding would have been much different. The DEA chemist was not qualified to testify as to the possession and chain of custody of the controlled substances during the critical period of September 7 through September 12, 2000.

SUPPLEMENT TO MOTION TO VACATE, SET ASIDE
OR CORRECT SENTENCE PURSUANT TO
28 U.S.C. §2255
MARTINEZ, Mark Anthony
Federal Registration No. 94369-079

C. <u>Ground three (continued)</u>:

Supporting FACTS (continued):

Photographs were introduced into evidence purporting to
prove that the shed and vehicle in which controlled substances were
allegedly found were visible from adjacent property.  The inferences
to be derived from the photographs were highly inconclusive.  However,
counsel did not introduce evidence demonstrating that the <u>contents</u>
of the shed and vehicle were definitely not visible from adjacent
property and that the evidence was not admissible under the open
fields doctrine under the Fourth Amendment.

Counsel further failed to prove, notwithstanding available
evidence, that the curtilage to the property, under existing legal
standards, encompassed the shed and the vehicle in which the key
evidence was found.  The prosecution was allowed to characterize
the real estate as a "ranch," but there was no evidence in existence
that the owner, Mr. Reyes, intended to ranch or farm on the
subject property.  In fact, the evidence points to the contrary.

Police officers went upon the property purportedly for the
purpose of procuring consent to search.  Instead of seeking a
search warrant when no one was found upon the property, the police
commenced a detailed search of the entire property, and allegedly
found over 800 pounds of marijuana in a shed and vehicle.  There
are strong indications that the officers tampered with the evidence
and placed 4.1 kilograms of cocaine in bundles of marijuana at a
later date.  The bundles of marijuana were of a clear plastic
color but were not admissible under the plain view exception to

SUPPLEMENT TO MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE PURSUANT TO
28 U.S.C. §2255
MARTINEZ, Mark Anthony
Federal Registration No. 94369-079

C.  Ground three (continued):

Supporting FACTS (continued):

the search warrant requirement in view of the colors of the blanket
in which the bundles were wrapped and the bag in which the blanket
containing the bundles was found, i. e. an opaque, green color.

Counsel wholly failed to conduct necessary cross-examination
and elicit testimony from the police that they were unable to
identify the bundles as containing marijuana before they gained access
to the interior of the vehicle and removed the bundles of marijuana
from the surrounding blanket and green bag in which they were situated.
There were no exigent circumstances justifying a warrantless search
because the property was devoid of occupants during the entire search,
although there was evidence in the form of footprints that several
unidentified persons had fled from the property when the police arrived.
This constitutional defect would further vitiate the search of the
green bag in which a bond receipt relating to Martinez was found.

Based upon the foregoing acts and omissions of defense counsel,
there is unsurmountable evidence that counsel's representation
bearing upon the search and seizure was deficient.  Since effective
representation would have excluded any bases for a warrantless search,
the court would have had no choice but to grant the motion to suppress.
Thus, sufficient prejudice attributable to the deficiencies exists
to compel the court to find that the outcome of the proceeding would
have been difference in the absence thereof.

AO 243 (Rev. 5/85)

_____

_____

   D. Ground four: Martinez was deprived of the effective assistance of
counsel when defense counsel failed to bring necessary adversarial skills
to the proceeding and effectively address the issue of concert of action
and constructive possession of the contraband seized

   Supporting FACTS (state *briefly* without citing cases or law): The current proceeding is

a classic case of the prosecution's reliance upon inferences arising

from proven facts to establish the concert of action necessary for

a conspiracy conviction and the constructive possession of contraband

necessary for a conviction of the substantive charges and the conspiracy

charge. The deficiencies in counsel's representation in this area stem

primarily from the manner in which he skirted the issue of knowledge.

**PLEASE REFER TO SUPPLEMENT ATTACHED HERETO**

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so
presented, and give your reasons for not presenting them: _____

   The current Motion to Vacate, Set Aside or Correct Sentence is

Martinez' first opportunity to present the facts and legal arguments

set forth herein. The questions pertaining to procedural bars to the

litigation of this motion must be resolved in Martinez' favor based upon

actual innocence and ineffective assistance of counsel.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
   Yes ☐ No XX

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked
   herein:

   (a) At preliminary hearing  Edward Cyganiewicz, Esquire, South Padre Island,
                               Texas
   _____

   (b) At arraignment and plea _____ Same _____

   _____

   (c) At trial _____ Same _____

   _____

   (d) At sentencing _____ Same _____

   _____

- 5a -

SUPPLEMENT TO MOTION TO VACATE, SET ASIDE,
 OR CORRECT SENTENCE PURSUANT TO
 28 U.S.C. §2255
MARTINEZ, Mark Anthony
Federal Registration No. 94369-079

    D.  Ground four (continued):

    Supporting FACTS (continued):

    The prosecution's case against Martinez is entirely circum-
stantial.  The prosecution did not have sufficient evidence to
prove Martinez' concert of action with alleged co-conspirators
in regards to the conspiracy charge.  The government was also
without factual support to prove the element of knowledge with
respect to both the conspiracy charge and the substantive charges.
Defense counsel's deficiencies in cross-examination and the
investigation of relevant facts enabled the prosecutor to ease
through the trial and secure a conviction of Martinez.

    Martinez' mere presence upon the property cannot rise to the
level of reasonable doubt.  His presence upon the property at any
time prior to the search by police officers was explained by
multiple factors.  Photographs introduced at trial reveal that
Martinez was at the property at different times performing landscaping
work, attending a barbecue, and generally socializing with other people.
There is absolutely no evidence that Martinez acted in concert with
any of the alleged co-conspirators or any other persons.

    Martinez' alleged association with the Chevrolet automobile
in which controlled substances were allegedly found does not
prove exclusive dominion and control over the vehicle.  There was
ample evidence to show that an unidentified male wearing a red
shirt operated the vehicle at different times.  In contrast, there
is no evidence that Martinez had the keys to the vehicle or ever
stored anything in the vehicle.  Martinez' bond documents were found

SUPPLEMENT TO MOTION TO VACATE, SET ASIDE,
 OR CORRECT SENTENCE PURSUANT TO
 28 U.S.C. §2255
MARTINEZ, Mark Anthony
Federal Registration No. 94369

  D. Ground four (continued):

  Supporting FACTS (continued):

  in the vehicle, but so were a wallet and drivers license of another person, in addition to personal papers belonging to yet another person.  These items were irrelevant in the context of concert of action and have no probative value regarding the issue of possession of contraband.  Counsel miserably failed in these areas to present the inferences favorable to Martinez to the court and jury.

  While it is true that Martinez' bond documents were found in the vehicle, counsel never broached Martinez' previous occupation in the specialty of bail bonding.  There is absolutely no admissible evidence proving that Martinez engaged in anything other than innocuous functions on the property in question.  Moreover, the record does not show that Martinez had knowledge that the property was used for anything except legitimate purposes.

  Counsel was required to bring a reasonable degree of adversarial skill to the proceeding, which he sorely failed to do.  He never attempted to capitalize upon the discovery of Marcello Delgado's drivers license, luggage belonging to an unrelated person, and property owned by Martinez in the vehicle.

  Mr. Reyes was prepared to testify that Martinez had no knowledge of drug trafficking activities conducted on the property.  This testimony would have compelled the jury to find that the contraband was placed upon the property and inside of the vehicle subsequent to the time when Martinez was last upon the property.  This evidence is corroborated by the police's belief early in the proceeding that

SUPPLEMENT TO MOTION TO VACATE, SET ASIDE,
 OR CORRECT SENTENCE PURSUANT TO
 28 U.S.C. §2255
MARTINEZ, Mark Anthony
Federal Registration No. 94369-079

    **D.  Ground four (continued):**

    **Supporting FACTS (continued):**

the foregoing individuals who fled the property were loading
controlled substances into the Chevrolet automobile upon the
arrival of the police.  The people who fled the scene locked
the shed and parked a tractor in front of the door leading to
the shed.  There was no evidence that the keys to the tractor and
the shed were ever found.  Despite this evidence, defense counsel
did not present these facts to the jury, which would have proved
both a lack of concert of action and constructive possession of
the controlled substances by Martinez. Instead, counsel argued a
motion for judgment of acquittal which was entirely conclusory in
nature.

    The jury instructions relating to both concert of action and
knowledge of the contraband were fatally inadequate.  The instructions
never advised the jury that it must find that Martinez, in the
context of concert of action and constructive possession, had the
right to dominion and control or actual dominion over the drugs and
the vehicle and that he had knowledge both as to the existence
and whereabouts of the controlled substances.  Counsel never addressed
the issue of knowledge in his motion for judgment of acquittal.

    **The foregoing facts aptly** demonstrate that counsel was deficient
with respect to the necessary element of concert of action in a
conspiracy charge and the essential element of mens rea and knowledge
relating to all charges.  The requisite prejudice clearly exists
because the jury would have never enter guilty verdicts if counsel
had been effective.  The jury instructions alone are sufficient to
mandate an adjudication in Martinez' favor.

SUPPLEMENT TO MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE PURSUANT TO
28 U.S.C. §2255
MARTINEZ, Mark Anthony
Federal Registration No. 94369-079

    E.    **Ground five:  Martinez was deprived of the ineffective
assistance of counsel guaranteed by the Sixth Amendment
when counsel divided his loyalty to his client and
agreed to apportion the examination and cross-examination
of government witnesses among all defense counsel,
as well as the interjection of objections justified
in such witnesses' examination**

    **Supporting FACTS:**  Defense counsel had a conflict of interest
in advancing the positions of Martinez' co-defendants and alleged
co-conspirators.  Although Reyes was prepared to testify on the
behalf of Martinez, the legal positions of all defendants were
hopelessly irreconcilable.  This conflict of interest existed at
all stages of the prosecution herein.

    Despite the conflict of interest, defense counsel for Martinez
entered into an agreement with other counsel that during the course
of the trial, the duty of cross-examining witnesses presented in
the prosecution's case-in chief as well as interjecting appropriate
objections to the testimony of government witnesses, would be apportioned
among all defense counsel.

    An inherent conflict of interest exists based upon all
available facts.  More importantly, there is an actual conflict in
the positions of Martinez vis a vis his co-conspirators and co-
defendants.  The transcript reveals that counsel found it necessary
to tread on eggshells during the trial.  An objection or session of
cross-examination of government witnesses on behalf of all co-
defendants necessarily inhibited counsel with respect to their
individual defendants.  Thus, defense counsel was compelled to
refrain from objecting or cross-examination on behalf of Martinez
based upon the cumulative best interests of all three co-defendants.

    Defense counsel was vested with a duty to give Martinez his

SUPPLEMENT TO MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE PURSUANT TO
28 U.S.C. §2255
MARTINEZ, Mark Anthony
Federal Registration No. 94369-079

> E.  **Ground five (continued):**
>
> **Supporting FACTS (continued):**

undivided loyalty.  Counsel was deficient in his representation
of Martinez to the extent that he shared in the responsibility
for representation of co-defendants.  The division of his loyalties
to Martinez made it appear to the jury that Martinez was aligned
with the interests of co-defendants.  These deficiencies rise to
the level of prejudice per se.  In the event that the court rules
that prejudice per se does not exist for this violation of the Rules
of Professional Responsibility, the requisite prejudice still exists
in view of the reasonable showing that the outcome of the proceeding
would have been different if counsel had abided by such rules.

> F.  **Ground six:  Martinez was deprived of the effective
> assistance of counsel when his counsel repeatedly
> allowed the introduction of alleged co-conspirators'
> statements which did not comport with Federal Rule
> of Evidence 801(d)(2)(E)**

Martinez is not guilty of conspiracy in any way, shape, manner,
or form.  However, even assuming that he is a conspirator, his
counsel failed to object to inadmissible statements of alleged
co-conspirators which were not made in the course of and in further-
ance of the conspiracy charged in Count One.  Martinez was precluded
from filing his memorandum in support specifically citing to the
transcript of trial contemporaneous with the instant pleading.  A
memorandum in support shall be filed within 30 days from the filing
date hereof citing specific facts and references to the transcript.

The admission of the aforesaid statements at trial constitutes
a fundamental defect amounting to a miscarriage of justice.  In

SUPPLEMENT TO MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE PURSUANT TO
28 U.S.C. §2255
MARTINEZ, Mark Anthony
Federal Registration No. 94369-079

   **F.  Ground six (continued):**

   **Supporting FACTS (continued):**

addition, counsel was extremely deficient in his representation of

Martinez with regard to the subject statements.  In the absence of

the fundamental defect and ineffective assistance of counsel, the

jury would not have been able to consider this highly inflammable

and prejudial evidence and the outcome of the trial would have been

different.


   **G.  Ground seven:  Martinez was deprived of the effective
       assistance of counsel when his attorney allowed
       evidence of other crimes in the record to show, pursuant
       to Federal Rule of Evidence 404(b) under the guise of
       of evidence of "other crimes to show motive, intent,
       knowledge, common plan or scheme"**

   **Supporting FACTS:**  The government introduced evidence of an

uncharged prior possession of thirteen grams of marijuana which

was not attributable to the current conspiracy and was solely unrelated

to the instant charges.  The court preserved counsel's objections

to this evidence.  However, during the course of trial it would have

become apparent to an attorney of reasonable competence that the

evidence was much more inflammatory and prejudicial and counsel offered

no muting instruction and failed to reargue the point of law to the

court.

   During the testimony of Ricardo Perez, a Cameron County Sheriff's

Department deputy who stopped Martinez and Reyes, testified about the stop

A search of the vehicle led to the discovery of a large sum of money.

There was ample evidence presented at trial to show that Martinez

had no interest in the money and was completely disassociated from the

SUPPLEMENT TO MOTION TO VACATE, SET ASIDE,
 OR CORRECT SENTENCE PURSUANT TO
 28 U.S.C. §2255
MARTINEZ, Mark Anthony
Federal Registration No. 94369-079

    G.  Ground seven (continued):

    Supporting FACTS (continued)

money.  Based upon this evidence, the officer testified that he

later remembered Martinez as being associated with Reyes.

    The prosecution was allowed to introduce a photo as evidence

which purported to constitute the blue bag in which the foregoing

thirteen grams of marijuana was allegedly found.  This evidence

linked Martinez to a bail bond receipt for an unrelated charge

which had not resulted in a final conviction and was still pending

in court at the time.

    Harlingen Police Office Leo Silva was allowed to testify about

a previous arrest of Martinez at the Sun Valley Motel in Harlingen,

Texas along with Cindy Cruz for possession of fourteen grams of

marijuana.

    If one of the foregoing prior bad acts does not constitute

a fundamental defect giving rise to a miscarriage of justice, the

cumulative effect of such evidence definitely does.  Counsel did

not argue the law and the evidence to the court, but rather advanced

halfhearted objections for the record.  If the court had been advised

of the full legal implications of this evidence, the deficiencies

of counsel, constituting ineffective assistance of counsel, gives

rise to prejudice to the fullest extent.  In the absence of these

errors, the outcome of the proceeding would have been different.

In addition, Martinez is actually innocent of the prior bad acts and

the three charges forming the basis for the current litigation.

SUPPLEMENT TO MOTION TO VACATE, SET ASIDE
OR CORRECT SENTENCE PURSUANT TO
28 U.S.C. §2255
MARTINEZ, Mark Anthony
Federal Registration No. 94369-079

    H.  Ground eight:  Martinez was deprived of the effective
        assistance of counsel and suffered a fundamental defect
        constituting a miscarriage of justice by reason of the
        ambiguities in the verdict and judgment, amounting to
        a deprivation of due process and denial of the right
        to trial by jury

Supporting FACTS:  The alleged conspiracy in Count One charged

multiple objects in conjunctive language.  Counsel did not address

the defects arising from the conjunctive language at any point in

the proceeding.  Counsel did nothing to insure that the conjunctive

language did not result in an ambiguous verdict by insisting upon

an instruction advising the jury that it must reach a unanimous

verdict with respect to each object of the conspiracy.  Therefore,

the verdict in Count One is laden with due process and jury trial

questions under the Dale/Rhymes doctrine.

    The jury was only permitted under these circumstances to return

a verdict on the object resulting in the lowest punishment.  Martinez

was sentenced for both objects, marijuana and cocaine.  The prejudice

flowing from this deficient representation and Martinez' actual

innocence compels this court to set aside the jury verdict and sentence

and sentence Martinez solely for the marijuana-related offenses.

    I.  Ground nine:  Martinez was deprived of his right to the
        effective assistance of appellant counsel when counsel
        raised only one of the foregoing issues before the U. S.
        Court of Appeals for the Fifth Circuit

Supporting FACTS:  Appellate counsel only raised sufficiency

of the evidence on all counts and the admission of prior bad acts

in his appeal to the United States Court of Appeals for the Fifth

Circuit.  The foregoing issues all have merit.  Martinez unequivocally

communicated with his appellate counsel and insisted upon the

SUPPLEMENT TO MOTION TO VACATE, SET ASIDE,
 OR CORRECT JUDGMENT PURSUANT TO
 28 U.S.C. §2255
MARTINEZ, Mark Anthony
Federal Registration No. 94369-079

**I.  Ground nine (continued):**

inclusion of all grounds in the direct appeal.  Counsel totally

ignored the wishes of his client.  Any procedural bar which might

possibly arise with respect to the foregoing issues is attributable

to the deficiencies of appellate counsel.  In addition, a greater

degree of prejudice is presented at this juncture based upon the

differing standards of review for a direct appeal and a collateral

appeal.

SUPPLEMENT TO MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE PURSUANT TO
28 U.S.C. §2255
MARTINEZ, Mark Anthony
Federal Registration No. 94369-079

    E.  Ground five (continued):

    Supporting FACTS (continued):

undivided loyalty.  Counsel was deficient in his representation

of Martinez to the extent that he shared in the responsibility

for representation of co-defendants.  The division of his loyalties

to Martinez made it appear to the jury that Martinez was aligned

with the interests of co-defendants.  These deficiencies rise to

the level of prejudice per se.  In the event that the court rules

that prejudice per se does not exist for this violation of the Rules

of Professional Responsibility, the requisite prejudice still exists

in view of the reasonable showing that the outcome of the proceeding

would have been different if counsel had abided by such rules.


    F.  Ground six:  Martinez was deprived of the effective
        assistance of counsel when his counsel repeatedly
        allowed the introduction of alleged co-conspirators'
        statements which did not comport with Federal Rule
        of Evidence 801(d)(2)(E)

    Martinez is not guilty of conspiracy in any way, shape, manner,

or form.  However, even assuming that he is a conspirator, his

counsel failed to object to inadmissible statements of alleged

co-conspirators which were not made in the course of and in further-

ance of the conspiracy charged in Count One.  Martinez was precluded

from filing his memorandum in support specifically citing to the

transcript of trial contemporaneous with the instant pleading.  A

memorandum in support shall be filed within 30 days from the filing

date hereof citing specific facts and references to the transcript.

    The admission of the aforesaid statements at trial constitutes

a fundamental defect amounting to a miscarriage of justice.  In

AO 243 (Rev. 5/85)

(e) On appeal ___Ralph R. Martinez, Esquire, Martinez and Martinez,___

___2900 Woodride, Suite 306, Houston, Texas  77087___

(f) In any post-conviction proceeding ___Pro Se___

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding ___Not applicable___

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒No☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

(b) Give date and length of the above sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

___October 28, 2003___
(date)

_Mark Anthony Martinez_
MARK ANTHONY MARTINEZ, Pro se
Signature of Movant