UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
Brownsville Division

United States District Court
Southern District of Texas
FILED

DEC 0 8 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) B-03-221. |
| -vs- | ) DOCKET NO. 1:00CR00403-002 |
| | ) |
| MARK ANTHONY MARTINEZ, | ) |
| Movant | ) |

MOTION TO AMEND MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. §2255

The movant, **MARK ANTHONY MARTINEZ, pro se,** respectfully avers unto this Honorable Court as follows in support of his **MOTION TO AMEND MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. §2255** herein:

1. The movant is a federal inmate housed at Unit A-4, U. S. Penitentiary-Pollock, P. O. Box 2099, Pollock, Louisiana 71467 during all times pertinent hereto.

2. The Supreme Court of the United States entered an order denying the movant's petition for writ of certiorari filed as part of his direct appeal on November 4, 2002.

3. The movant mailed an original and two copies of a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 on October 29, 2003. A Declaration of Mailing Pursuant to 28 U.S.C. §1746 was enclosed with the motion attesting to the date on which the motion and copies thereof were placed in the mailbox located on the prison compound specifically designated for the placement of legal mail by inmates, namely, October 29, 2003.

4. The package containing the motion was addressed to the Clerk, U. S. District Court, Southern District of Texas, Brownsville

Division, Federal Building, P. O. Box 2299, Brownsville, Texas 78522-2299.  The address to the Clerk was obtained from the United States Court Directory, Binder Two, Page 475, maintained in the Law Library, U. S. Penitentiary-Pollock.  There are no other sources for obtaining addresses to courts in the Law Library, and the movant had no other choice but to rely on this reference. A copy of the page from the Court Directory containing the Clerk's address is attached hereto and filed herewith as Exhibit One.

    5.  A copy of the envelope in which the motion, copies thereof, and the Declaration of Mailing were mailed is attached hereto and filed herewith as Exhibit Two.

    6.  The U. S. Penitentiary-Pollock placed a stamp on the outside of the envelope evidencing that the envelope was processed through special mailing procedures (legal mail) by the institution on November 1, 2003.

    7.  The postmark on the envelope evidences that the envelope was postmarked on November 3, 2003.  The prepaid postage was scanned on the same date, and the postage stamps were obliterated with the date November 3, 2003.

    8.  The stamps placed on the back of the envelope indicates that the Postal Center in McAllen, Texas received the envelope on November 18, 2003.  The movant has absolutely no idea why it took from November 3, 2003, to November 18, 2003 for the envelope to be processed through the Postal Center in McAllen, Texas, nor does he know what transpired with the envelope upon its arrival in McAllen, Texas.

    9.  The envelope was returned to the U. S. Penitentiary-Pollock Mail Room on November 21, 2003, as indicated by the institution's stamp on the front of the envelope.  Someone, presumably a staff

member of the United States Postal Service, placed a return stamp on the front of the envelope, but failed to indicate the reason for the return on the blocks reserved on the stamp. Instead, someone lined through the Clerk's address and wrote the acronym "FOE" above the address. The movant has checked with the U. S. Postal Service and learned, according to the employees thereof, that the acronym "FOE" means "Forwarding Order Expired."

10. The movant submits that the envelope was wrongfully returned. He did everything that was possible to insure the motion's arrival at this court on or before November 4, 2003. The Federal Bureau of Prisons contributed to the delay by allowing three days for the envelope to be processed, and an additional two days for the envelope to be postmarked. The U. S. Postal Service was responsible for wrongfully returning the envelope to the movant, but the Federal Bureau of Prisons was likewise responsible for not maintaining current addresses in the United States Court Directory relied upon by all prisoners for the mailing of litigation documents to the various courts.

11. The U. S. Penitentiary-Pollock was placed on lockdown status on or about November 9, 2003, and did not revert to normal schedules until on or about November 24, 2003. The movant's lockdown status precluded him from doing anything about the returned motion until the week of November 24, 2003, as he did not have a typewriter or research materials in his cell during lockdown.

12. The movant has drafted a sworn affidavit attesting to the foregoing facts. The U. S. Penitentiary-Pollock has a policy in place which requires the Executive Assistant to the Warden to read and approve all documents which the compound notary notarizes.

There is a time lag between approval of documents to be notarized by the Executive Assistant and the actual notarization by the notary public. The movant intends to file the current motion and the original motion with the court at this time, and supplement the motion with the affidavit and documentation from the movant's case manager about specifics of the aforesaid lockdown and the official address for this court. The Inmate Request To Staff Member has also been heretofore drafted and promptly submitted to the case manager.

    13. Title 28 U.S.C. §2255 allows for tolling of the statute of limitations when an impediment to making a motion is created by governmental action in violation of the Constitution or laws of the United States. Both the BOP and the U. S. Postal Service placed impediments to the filing of the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255.

    14. The Federal Bureau of Prisons impeded the movant's filing of the motion by failing to maintain a current address for this court in its Court Directory. The Bureau also impeded the filing of the motion herein by delaying processing of the legal mail for three days and by delaying the placement of a postmark on the envelope for another three days.

    15. The U. S. Postal Service engaged in governmental action constituting an impediment to the filing of the movant's motion by failing to forward the duly-addressed envelope to the Clerk of this United States District Court, and by returning the envelope to the U. S. Penitentiary-Pollock.

    16. The movant is entitled to equitable tolling of the statute of limitations relating to his Motion to Vacate, Set Aside, or

Correct Sentence Pursuant to 28 U.S.C. §2255 since the foregoing facts establish the existence of extraordinary circumstances beyond his control which made it impossible for him to file his motion within the appropriate time period. <u>United States</u> v. <u>Schwartz</u>, 274 F.3d 1220 (9th Cir. 2001).

17. Under the mailbox rule, the movant's collateral motion must be deemed filed on October 29, 2003, the date that the signed and executed motion, with the appropriate number of copies, was delivered into the prison's legal mailbox according to the prison's established procedures. <u>United States</u> v. <u>Bell</u>, 203 F.Supp.2d 1287 (S.D.Ala. 2002). The movant included a Declaration Of Mailing Pursuant To 28 U.S.C. §1746 with his original mailing on October 29, 2003, and is enclosing another declaration herewith as evidence of the current mailing.

**WHEREFORE,** the movant, **MARK ANTHONY MARTINEZ,** pro se, respectfully requests that the court enter an order granting the movant permission to amend his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 to include the claim set forth herein; that the court enter an order deeming the original motion filed on October 29, 2003; and that the court grant such other and further relief that the court might deem just, fair, and equitable under the circumstances set forth herein.

                                            **MARK ANTHONY MARTINEZ**
                                            Pro Se

# United States District Court

| District | Mailing Address | Divisional Offices with Resident Deputy |
|---|---|---|
| Southern District of Texas | | |

**District Clerk**

Michael N. Milby
713-250-5500

Post Office Box 61010
Houston, TX 77208-1010

Post Office Box 2299
Brownsville, TX 78522-2299
956-548-2500

101 United States Courthouse
521 Starr Street
Corpus Christi, TX 78401
361-888-3142

Post Office Box 2300
Galveston, TX 77553-2300
409-766-3530

Post Office Box 597
Laredo, TX 78040-0597
956-723-3542

Post Office Box 5059
McAllen, TX 78502-5059
956-618-8065

Post Office Box 1541
Victoria, TX 77902-1541
512-788-5000

