IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

DEC 1 8 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | | |
|---|---|---|
| MARK ANTHONY MARTINEZ, | § § § § | |
| Petitioner | | |
| v. | § § § § § | Civil Action No. B-03-221 |
| UNITED STATES OF AMERICA, | | |
| Defendant. | | |

## ORDER

BE IT REMEMBERED that on December 12, 2003, the Court **ORDERED** Petitioner's petition for writ of habeas corpus be construed as timely filed.

Title 28 U.S.C. § 2255(1) provides that the one-year limitation period begins to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255 paragraph 6(1). It is generally accepted that, for a defendant who files a petition for certiorari with the Supreme Court, the conclusion of direct review occurs when the Supreme Court either denies his petition or decides his case on the merits. After the Supreme Court does either of these two things, the defendant's judgment of conviction is final because literally nothing more occurs on direct review. Lastly, "[a] prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." *Sonnier v. Johnson*, 161 F.3d 941, 944, 945 n.2 (5th Cir. 1998).

In this case, Petitioner filed a writ of certiorari which was denied by the Supreme Court on November 4, 2002. Therefore, Petitioner had one year from that date to file a habeas petition. As evidenced by the date stamp on the envelope, Petitioner delivered his petition to the prison authorities before November 3, 2003, within the one year period. Petitioner, however, addresses his envelope to a post office box no longer used by the federal court, and the package was returned to him. Petitioner immediately re-mailed the package to the proper address.

The Court finds Petitioner diligently attempted to file a timely Petition, Petitioner did not intentionally delay filing his Petition, and any dely was either due to excusable neglect and with good cause. Therefore, the Court construes the Petition as timely filed.

DONE at Brownsville, Texas, this 12th day of December 2003.

Hilda G. Tagle
United States District Judge