United States District Court
Southern District of Texas
ENTERED

DEC 0 3 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk Ɪ𝔪ꞮꞮꞮꞮ

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

UNITED STATES OF AMERICA,　　　§
Plaintiff-Respondent,　　　　　　 §
　　　　　　　　　　　　　　　　　§
v.　　　　　　　　　　　　　　　 §　　　CIVIL ACTION NO. B-03-221
　　　　　　　　　　　　　　　　　§　　　(CRIM. ACTION NO. B-00-403-2)
MARK ANTHONY MARTINEZ,　　　　§
Defendant-Petitioner.　　　　　　 §

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Petitioner Mark Anthony Martinez's (hereinafter Petitioner) Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Docket No. 1). Along with its answer the Government filed a Motion to Dismiss (Docket No. 10), which will also herein be considered. For the following reasons, the relief sought by Petitioner should be DENIED and the Government's Motion to Dismiss should be GRANTED.

### BACKGROUND

On September 26, 2000, Petitioner was charged with conspiracy to possess with intent to distribute over 100 kilograms of marijuana and more than 500 grams of cocaine, aiding and abetting the possession with intent to distribute 4.1 kilograms of cocaine, as well as aiding and abetting the possession with intent to distribute 362.7 kilograms of marijuana. After a jury trial, Petitioner and a co-defendant were convicted on all of the above charges. Another co-defendant was acquitted of all counts. Attorney Ed Cyganiewcz was retained by Petitioner to represent him during this trial. At a sentencing hearing held on February 12, 2001 Petitioner was sentenced to concurrent 240 month terms of imprisonment for each of the three counts to be followed by

1

concurrent four year supervised release terms. He was also ordered to pay $300 in special assessment fees.

After his conviction Petitioner procured the services of attorney Ralph Martinez and appealed his case to the Fifth Circuit. In an unpublished opinion dated July 11, 2002, the Fifth Circuit denied Petitioner's appeal. *United States v. Martinez,* 01-40194, 2002 WL 1899608 (5th Cir. July 11, 2002)(Unpublished). Petitioner then submitted a petition for writ of certiorari but was again unsuccessful. *Martinez v. United States,* 537 U.S. 1011 (November 4, 2002)(02-6558).

On October 29, 2003 Petitioner attempted to file a motion to vacate sentence pursuant to 28 U.S.C. § 2255 through inmate mail but the post was returned due to his reliance on an outdated source of information which incorrectly listed the address for the Federal Courthouse in Brownsville, Texas. The present motion reached the court on December 8, 2003 and was determined to be timely (Docket No. 4).

## ALLEGATIONS

Petitioner alleges that he is entitled to relief because his constitutional right to effective assistance of counsel was violated. He claims that he was deprived of effective assistance because his attorney:

(1)    advised him to give inappropriate testimony at a motion to suppress hearing,

(2)    stipulated to the admissibility of laboratory analysis of the drugs allegedly possessed by Petitioner thus preventing any objections to the chain of custody of the cocaine at issue in this case,

(3)    did not present all necessary facts during the hearing on his motion to suppress evidence,

2

(4)     did not address concert of action or constructive possession issues at trial, did not call a favorable witness, and did not object to the instructions given to the jury,

(5)     had a conflict of interest,

(6)     did not object to introduction of co-conspirators' statements which were allegedly inadmissable under FRE 801(d)(2)(E),

(7)     failed to reargue an objection or offer muting instructions in regards to the government's introduction of Petitioner's "other crimes",

(8)     did not address ambiguities in the judgment, and

(9)     did not raise all necessary grounds on appeal.

## STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

The constitutional standard for determining whether a criminal defendant has been denied effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in the case of *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116

3

F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994), *cert. denied*, 513 U.S. 1114 (1995). In so doing, a convicted defendant must carry the burden of proof and overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *See Strickland v. Washington*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 231 (5th Cir. 2000) (holding that trial counsel's decision not to put defendant on the stand in light of defendant's prior criminal record is a judgment call which seldom, if ever, will support a claim of ineffective assistance); *Green v. Johnson*, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993).

The proper standard for evaluating counsel's performance under the Sixth Amendment is "reasonably effective assistance." *Strickland v. Washington*, 466 U.S. at 687; *Bullock v. Whitley*, 53 F.3d 697, 700 (5th Cir. 1995). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland v. Washington*, 466 U.S. at 691, 104 S.Ct. at 2067. "Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* In order to establish that he has sustained prejudice, the convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Williams v. Taylor*, 529 U.S. at 391; *Strickland v. Washington*, 466 U.S. at 694.

The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair.  Unreliability or

4

unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him. *Williams v. Taylor*, 529 U.S. at 393 n.17; *Strickland v. Washington*, 466 U.S. at 692.

Because a convicted defendant must satisfy <u>both</u> prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice under that test makes it unnecessary to examine the other prong. *See Strickland v. Washington*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 721; *Green v. Johnson*, 116 F.3d at 1122; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*, 37 F.3d at 210. Therefore, failure to establish that counsel's performance fell below an objective standard of reasonableness renders moot the issue of prejudice. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987), *cert. denied*, 484 U.S. 842 (1987). It is also unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice. *See Black v. Collins*, 962 F.2d at 401; *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986), *cert. denied*, 482 U.S. 916 (1987); *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986), *cert. denied*, 479 U.S. 1057 (1987).

## DISCUSSION

***Ground 1:*** ***Petitioner's testimony at the motion to suppress hearing***

Petitioner claims that his lawyer improperly advised him to admit, during a hearing on a motion to suppress evidence, to constructive ownership of the automobile in which illegal drugs were discovered by police. He further claims that his testimony at that hearing prevented him from taking the stand in his own defense at his criminal trial. The suppression testimony was not relied upon by the government to support his conviction (Docket No. 10). More importantly,

5

however, Petitioner acknowledges that his testimony at the hearing on the motion to suppress was part of a strategy devised by his attorney to defend the case (Docket No. 1).

The courts are extremely deferential in scrutinizing the performance of counsel and make every effort to eliminate the distorting effects of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993); *Burger v. Kemp*, 483 U.S. 776, 789 (1987); *Strickland v. Washington*, 466 U.S. at 689; *United Stats v. Drones*, 218 F.3d 496, 500-03 (5th Cir. 2000). It is strongly presumed that counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *See Strickland v. Washington*, 466 U.S. at 690; *Duff-Smith v. Collins*, 973 F.2d at 1182. An attorney's strategic choices, usually based on information supplied by the defendant and from a thorough investigation of relevant facts and law, are virtually unchallengeable. *See Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998), *cert. denied*, 528 U.S. 895 (1999); *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997), *cert. denied*, 522 U.S. 944 (1997); *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997); *Boyle v. Johnson*, 93 F.3d 180, 187-88 (5th Cir. 1996), *cert. denied*, 519 U.S. 1120 (1997); *West v. Johnson*, 92 F.3d 1385, 1406-09 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997). Petitioner offers no evidence to defeat the assumption that his attorney's strategy was in accordance with reasonable professional judgment.

It appears that Petitioner's attorney was attempting to establish standing to challenge the admission of evidence critical to the government's case when he advised Petitioner to testify, at the suppression hearing, as to his ownership of the vehicle in question (Docket No. 10). Additionally the government had ample evidence tying Petitioner to the vehicle apart from his testimony at the pre-trial hearing (Docket No. 10 at 23-25). The record also indicates that there

6

were numerous incriminating statements made by Petitioner before the hearing that would have

been very difficult to explain on the stand. Thus testifying in his own defense would have been a

risk laden endeavor for Petitioner even had he not testified at the suppression hearing (Docket

No. 10 at 27). All evidence in the record points to the conclusion that Petitioner's attorney

formulated his strategy for defense of the case in the exercise of reasonable professional

judgment. *See Strickland v. Washington*, 466 U.S. at 690; *Duff-Smith v. Collins*, 973 F.2d at

1182. Petitioner identifies no deficiency or misrepresentation made by any of his attorneys and

can show no error or prejudice. As such, Petitioners motion to set aside his sentence cannot

succeed on this ground.

### *Ground 2:     Chain of custody issue*

Petitioner next criticizes his attorney's decision to stipulate to the "chain of custody" of

the cocaine at issue in this case. Apparently 4.1 kilograms of cocaine were discovered inside the

bundles of marijuana during testing while the drugs were in police custody. This testing occurred

five days after the seizure of the drugs. Petitioner argues that the cocaine was placed inside the

marijuana bundles by the police and that his attorney should have argued that there was a break

in custody of the evidence that would have allowed the cocaine to be "planted". The evidence

was in government custody at all times relevant to this inquiry and was sufficient to establish a

chain of custody. *United States v. Bermea,* 30 F.3d 1539, 1574 (5th Cir. 1992). Furthermore,

Petitioner presents no proof whatsoever that any evidence was "planted" by anyone involved in

this case. Petitioner, therefore, offers no reason why his attorney would have objected to the

chain of custody of the evidence in question.

7

In this instance it appears that declining to stipulate to the chain of custody would have been of no benefit to Petitioner. Indeed such an argument would have been inconsistent with the theory advanced at trial by defense counsel that Petitioner was merely present at the crime scene and not engaged in the drug offense. The attorney's decision to stipulate to the chain of custody of the evidence did not fall below an objective standard of reasonableness. *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994), *cert. denied*, 513 U.S. 1114 (1995). Petitioner does not carry the burden of proof required to overcome a strong presumption that the conduct of his trial counsel fell within a wide range of reasonable professional assistance and his motion also fails on this ground. *See Strickland v. Washington*, 466 U.S. at 687-91.

**Ground 3:    *Attorney's actions during the motion to suppress hearing***

In ground of error three Petitioner alleges that his attorney failed to provide effective assistance of counsel because he did not present sufficient facts to carry Petitioner's burden at the motion to suppress hearing. According to the Fifth Circuit attorneys are required neither to advance every non-frivolous argument nor to investigate every conceivable matter which could be classified as non-frivolous. *See Neal v. Cain*, 141 F.3d 207, 214-15 (5th Cir. 1998); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995); *Smith v. Collins*, 977 F.2d 951, 960 (5th Cir. 1992), *cert. denied*, 510 U.S. 829 (1993). Petitioner's allegations are merely attempts to second guess his attorney's decisions and do not show any deficient conduct by his attorney that caused him actual prejudice. As such his motion cannot succeed on this ground.

8

***Ground 4:***    ***Concert of action, constructive possession, jury instructions, and witness issues***

In ground four of his motion Petitioner argues that his attorney did not adequately address concert of action, constructive possession and jury instruction issues at trial. Once again Petitioner faults his trial attorney for strategic decisions and for not putting forth every conceivable argument. These claims fare no better in regards to concert of action, constructive possession and objections to jury instructions than they did in the above grounds of error. Just as before Petitioner fails to show deficient conduct by his attorney that caused him any actual prejudice.

Petitioner also alleges in this ground of error that his attorney failed to call a witness that was integral to his defense. The Fifth Circuit has held that, "complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978); *Schwander v. Blackburn,* 750 F.2d 494, 500 (5th Cir. 1985). Petitioner does not offer an affidavit from the witness stating what the witness would have testified to. Thus there is only Petitioner's belief as to what the witness's testimony would have been. This belief is not enough to prove ineffective assistance of counsel. Petitioner has not shown that there is a reasonable probability that, had this co-defendant testified, there would have been a reasonable doubt about his guilt. *Schwander v. Blackburn,* 750 F.2d at 501. Therefore even if one were to assume that there was deficient performance by his attorney, Petitioner cannot satisfy the second part of the test in *Strickland* requiring the existence of prejudice for a successful ineffective assistance of counsel claim. *Williams v. Taylor*, 529 U.S. at

9

393 n.17; *Strickland v. Washington*, 466 U.S. at 692. Petitioner's fourth ground of error, therefore, also fails.

**Ground 5:    *Attorney conflict of interest***

Petitioner argues, in his fifth ground of error, that he was denied effective assistance of counsel due to a conflict of interest. As the government notes, this claim is related to the court's refusal to sever the defendants for trial and is not an ineffective assistance of counsel claim. In fact, Petitioner's attorney filed a motion to sever Petitioner from his co-defendants. This motion, however, was denied on November 3, 2000 (Docket No. 68 CR B-00-403-02). Petitioner cannot show deficient performance or prejudice on this ground.

**Ground 6:    *Attorney's failure to object to introduction of co-conspirators' statements***

In his sixth ground of error, Petitioner claims that his attorney failed to object to the admission of statements made by Petitioner's co-conspirators that were in violation of Fed. R. Evid. 801(d)(2)(E). In his original motion to vacate Petitioner stated that a memorandum in support of this claim detailing "specific facts and references to the transcript" was forthcoming (Docket No. 1). In the supporting memorandum he filed February 12, 2004, however, no such specific facts or references were included (Docket No. 8 at 23). Indeed, Petitioner does not identify any inadmissable statements made by his co-conspirators that were introduced at trial. His allegations are, therefore, conclusory and as such are insufficient, as a matter of law, to raise a constitutional issue in a habeas corpus proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983); *United States v. Woods*, 870 F.2d 285, 288 fn.3 (5th Cir. 1989); *See also Kinnamon v. Scott*, 40 F.3d 731, 735 (5th Cir. 1994), *cert. denied*, 513 U.S. 1054 (1994); *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994); *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993);

*Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Russell v. Lynaugh*, 892 F.2d 1205, 1213

(5th Cir. 1989), *cert. denied*, 501 U.S. 1259 (1991). Accordingly, his sixth ground of error also

fails.

***Ground 7:    Attorney's alleged deficient representation in regards to 404(b) evidence***

In his seventh ground of error, Petitioner calls into question the adequacy of his attorney's

arguments against the admissibility, under Fed. R. Crim. Proc. 404(b), of evidence relating to

"other crimes" committed by Petitioner.  Petitioner acknowledges, however, that his attorney did

object to the admission of his prior possession of marijuana charge.  The fact that Petitioner

believes his attorney's objections were "half-hearted" or that the attorney should have

"reargue[d] the point of law" (Docket No. 1) does not rise to the level of a constitutional claim

for ineffective assistance of counsel.  Furthermore, upon direct appeal, the admissibility of this

evidence was upheld by the Fifth Circuit making further review of the issue unnecessary. *United*

*States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).  Petitioner's allegation that his attorney

should have argued that a limiting instruction be given to the jury likewise fails since the district

court did indeed submit such an instruction to the jury (Docket No. 10 at 38, trial transcript at

395-396).

***Ground 8:    Counsel's failure to address the ambiguities in judgment***

In this penultimate ground of error Petitioner claims that his lawyer did not address

defects in the jury verdict.  Though it is not clear exactly how Petitioner faults the jury verdict, he

seems to argue that his attorney should have ensured that the conjunctive language used in the

charges against him did not somehow confuse the jury.  He appears to object to the charge that he

was involved in a conspiracy to possess with intent to distribute over 100 kilograms of marijuana

11

*and* more than 500 grams of cocaine. In this sense Petitioner's argument is similar to that put

forth by the defendant in *United States v. Green*, 180 F.3d 216 (5th Cir. 1999). In *Green* the

defendant had been convicted of conspiracy to distribute preludes and cocaine. He appealed this

conviction partially on the grounds that the conjunctive language of the charges (i.e. preludes and

cocaine) led the jury to believe that they did not have the option of finding him guilty of

conspiracy to distribute one or the other. *Id.* The court held that:

> there [was] no evidence to support concluding that the jury found the conspiracy involved
> preludes, but not cocaine. Accordingly, it is inconceivable that the verdict was based
> solely on finding that Green participated in a conspiracy involving only preludes. Instead,
> we are more than confident that the jury was convinced beyond a reasonable doubt that
> both cocaine and preludes were involved.

*Id.* at 227. The conviction was subsequently affirmed. *Id.*

In the instant case it is unclear why Petitioner's attorney would have objected to the jury

verdict or the conjunctive language of the charges against him. As stated before, the theory that

the cocaine was "planted" by the police was not advanced at trial. Furthermore the conjunctive

language used in the charges does not appear to have been inappropriate. Thus Petitioner's

attorney did not perform deficiently and this ground of error fails.

### Ground 9:    *Appellate counsel's failure to raise adequate grounds for appeal*

In this, his ninth and final ground of error, Petitioner claims that his retained appellate

attorney, on direct appeal, raised only one of the multitude of errors he alleges in his motion to

vacate (Docket No. 1). He goes on to argue that this failure constitutes ineffective assistance of

counsel.

As mentioned above, an attorney is required neither to advance every non-frivolous

argument nor to investigate every conceivable matter which could be classified as non-frivolous.

12

*See Neal v. Cain*, 141 F.3d 207, 214-15 (5th Cir. 1998); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995); *Smith v. Collins*, 977 F.2d 951, 960 (5th Cir. 1992), *cert. denied*, 510 U.S. 829 (1993). The same concepts apply to appellate lawyers. *United States v. Williamson,* 183 F.3d 1062, 1071 (5th Cir. 1999). Petitioner offers no evidence that his appellate lawyer acted unreasonably in any way. Therefore, his ninth ground of error, fails.

## RECOMMENDATION

For the aforementioned reasons, Petitioner's application for 28 U.S.C. § 2255 relief (Docket No. 1) should be DENIED. Furthermore, the Defendant's Motion to Dismiss (Docket No. 10) should be GRANTED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas, this _3ʳᵈ_ day of December, 2004.

Felix Recio
United States Magistrate Judge

13